UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PARAMOUNT PICTURES CORPORATION, )
a Delaware corporation, )
  )
                    Plaintiff, )
  )
v. )
  )
JOHN DOE, )   Case No.
  )
                    Defendant. )
  )

MAGISTRATE JUDGE RBC

RECEIPT # _____
AMOUNT $ 250
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 7/28/05

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**JURISDICTION AND VENUE**

1.  This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2.  This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3.  Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although Defendant's true identity is unknown to the Plaintiff at this time, on information and belief, Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the Plaintiff exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which Plaintiff has exclusive rights. Such unlawful distribution occurred in every jurisdiction in the United States, including this one. In addition, the Defendant contracted with an Internet Service Provider found in this District to provide the Defendant with access to the Internet.

## PARTIES

4. Plaintiff Paramount Pictures Corporation ("Plaintiff") is one of the world's leading creators and distributors of motion pictures. Plaintiff brings this action to stop Defendant from copying and distributing to others over the Internet unauthorized copies of the Plaintiff's copyrighted motion pictures. Defendant's infringements allow Defendant and others unlawfully to obtain and distribute for free unauthorized copyrighted works that Plaintiff spends millions of dollars to create and/or distribute. Each time Defendant unlawfully distributes a free copy of one of Plaintiff's copyrighted motion pictures to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, the Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

5. Plaintiff Paramount Pictures Corporation is a Delaware corporation, with its principal place of business at 5555 Melrose Avenue, Los Angeles, California. Paramount Pictures Corporation ("Paramount") is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Paramount is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those identified in Exhibit A, which have been unlawfully distributed over the Internet by the Defendants.

6. Defendant's true name is unknown to Plaintiff at this time. Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to the Defendant by his or her Internet Service Provider on the date and at the time at which Defendant's infringing activity was observed. The IP address of Defendant, together with the date and time at which his or her infringing activity was observed, is included on Exhibit A hereto. The Plaintiff believes that information obtained in discovery will lead to the identification of the Defendant's true name and permit Plaintiff to amend this Complaint to state the same.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

7. Plaintiff is responsible for the creation, development, production and distribution of numerous commercially released motion pictures.

8. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, for certain copyrighted motion pictures, including but not limited to the copyrighted motion picture listed on Exhibit A to this Complaint (the "Copyrighted Motion Picture"). The Copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights as specified on Exhibit A.

9. The Copyrighted Motion Picture contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

10. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to distribute to the public, including by making available for distribution to others, the Copyrighted Motion Picture. Exhibit A identifies the Copyrighted Motion Picture that the Defendant has, without the permission or consent of the Plaintiff, distributed to the public, including by making available for distribution to others. In doing so, the Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

11. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to Plaintiff's rights.

12. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

13. Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or

measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights and ordering that Defendant destroy all copies of the Copyrighted Motion Picture made in violation of Plaintiff's copyrights.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For entry of preliminary and permanent injunctions providing that Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff ("the Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy any of the Plaintiff's Motion Pictures, to distribute any of the Plaintiff's Motion Pictures, or to make any of the Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of the Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in Defendant's possession, custody, or control.

2. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff.

3. For the Plaintiff's costs.

4. For the Plaintiff's reasonable attorneys' fees.

5.  For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: July 28, 2005

/s/ Matthew N. Kane

James B. Conroy (BBO # 96315)
Matthew N. Kane (BBO # 636801)
DONNELLEY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
Tel. (617) 720-2880
Fax (617) 720-3554

*Attorneys for Plaintiff*

## Exhibit A

### Doe #1 (18.97.5.36 2005-04-12 12:24:10 (EDT))

| PLAINTIFF | MOVIE TITLE | REG# |
|---|---|---|
| Paramount Pictures Corporation | Lemony Snicket's A Series of Unfortunate Events | PA 1-256-833 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   Paramount Pictures Corporation v. John Doe

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ☑  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ☐  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ☐  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                              YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                              YES ☐    NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                              YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                              YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                              YES ☑    NO ☐

    A.    If yes, in which division do all of the non-governmental parties reside?
          Eastern Division  ☑      Central Division  ☐      Western Division  ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
          Eastern Division  ☐      Central Division  ☐      Western Division  ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                              YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Matthew N. Kane (BBO #636801)
ADDRESS   Donnelly, Conroy & Gelhaar, LLP, One Beacon St., 33d Fl., Boston, MA 02108
TELEPHONE NO.   (617) 720-2880

(CategoryForm.wpd - 5/2/05)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFF**
PARAMOUNT PICTURES

(b) County of Residence of First Listed Plaintiff **Los Angeles**
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANT**
JOHN DOE
County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorneys (Firm Name, Address, and Telephone Number)
James B. Conroy
Matthew N. Kane
Donnelley, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
Tel.: (617) 720-2880
Fax: (617) 720-3554

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an 'X' in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW 405(g) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

*17 U.S.C. § 501 et seq. – copyright infringement*

**VII. REQUESTED IN COMPLAINT**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Statutory damages; injunction
CHECK YES only if demanded in complaint
JURY DEMAND:   ☐ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE  7/28/05
SIGNATURE OF ATTORNEY OF RECORD  *Matthew N K___*

**FOR OFFICE USE ONLY**

RECEIPT# _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____