UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 05-11588-RWZ<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE**

I.  **INTRODUCTION**

Plaintiff, one of the world's leading motion picture studios, filed this action to stop Defendant from copying and distributing to others over the Internet unauthorized copies of a copyrighted motion picture. Using so-called "peer-to-peer" ("P2P") file "swapping" networks, Defendant's infringements allow the defendant and untold others unlawfully to obtain and distribute for free a copyrighted work that Plaintiff invested millions of dollars to create and/or distribute. Plaintiff sued the Defendant as a Doe Defendant because Defendant committed the infringement using an on-line fictitious "screen name" or "user name," not the Defendant's true name. Plaintiff seeks leave of Court to serve limited discovery prior to a Rule 26(f) conference on one or more non-party Internet Service Providers ("ISP"s) solely to determine the identity of the Doe Defendant. The only way that Plaintiff can determine Defendant's true name is from the ISPs to which the Defendant subscribes and from which the Defendant obtains Internet access. This information is readily available to the ISPs from documents they keep in the regular course of business.

For the past year, federal district courts throughout the country have granted expedited discovery in Doe Defendant lawsuits that are factually similar, if not identical, to the instant lawsuit.[1] In these cited cases and others like them, motion picture studio and record company plaintiffs have obtained the identities of P2P network users from ISPs through expedited discovery using information similar to that gathered by Plaintiff in the instant case; they have used that information as the basis for their proposed subpoenas to these ISPs. Plaintiff respectfully requests that this Court follow well-established precedent, and grant Plaintiff leave to take expedited discovery against the identified ISP and any other ISPs that Plaintiff later discovers were the actual entities providing the Doe Defendants with online services and/or network access.

## II.   FACTUAL BACKGROUND

As alleged in the complaint, the Doe Defendant, without authorization, used an online P2P media distribution system to download Plaintiff's copyrighted work and distribute Plaintiff's copyrighted work to the public, including by making Plaintiff's copyrighted work available for

---

[1] Such cases include Paramount Pictures Corporation et al. v. Does 1-11, Case No. 4:05-CV-00335-CAS (E.D. Mo) (Shaw, C.); Columbia Pictures Industries, Inc. et al. v. Does 1-14, Case No. 04-F-2368 (MJW) (D. Colo.) (Figa, P.); Maverick Recording Company, et al. v. John Doe, Case No. 04-12436-NG (D. Mass.) (Gertner, N.); Warner Bros. Entertainment Inc. et al. v. John Doe, Case No. 05-10359-JLT (D. Mass.) (Tauro, J.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-23, Case No. 04 C 7398 (N.D. Ill.) (Gottschall, J.); Columbia Pictures Industries, Inc., et al. v. Does 1-10, Case No. 1:05CV515-BBM (N.D. Ga.) (Martin, B.); Universal City Studios Productions LLLP, et al. v. Does 1-24, Case No. SA-05-CA-68-OG (W.D. Tex.) (Garcia, O.); Twentieth Century Fox Film Corporation, et al. v. Does 1-43, Case No. 05 CV 2351 (S.D.N.Y.) (Cederbaum, M.); Columbia Pictures Industries, Inc. v. John Doe, Case No. CV05-1034 (W.D. Wash.) (Zilly, T.); Disney Enterprises, Inc., et al. v. Does 1-9, Case No. 4:05CV00093 (E.D. Ark.) (Moody, J.); Universal City Studios Productions LLLP, et al. v. Does 1-7, Case No. 05CV1119(JBS) (D.N.J.) (Simandle, J.); Paramount Pictures Corporation, et al. v. Does 1-8, Case No. 05-535 (D.N.J.) (Wolfson, F.); Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-8, Case No. 05-2075-KHV-DJW (D. Kan.) (Waxse, D.); Columbia Pictures Industries, Inc., et al. v. John Doe (67.123.19.140), Case No. C 04 5243 PJH (N.D. Cal.) (Hamilton, P.). See Exhibit "A."

distribution to others. See Complaint. Because Defendant used a fictitious user name or screen name when the defendant copied and distributed Plaintiff's copyrighted work, Plaintiff does not know the Defendant's actual identity. See Declaration of Chad Tilbury ("Tilbury Decl."), ¶ 6. However, Plaintiff has identified the Defendant by a unique Internet Protocol ("IP") address assigned to the Defendant by his/her ISP on the date and at the time of the Defendant's infringing activity. See Declaration of Thomas Carpenter ("Carpenter Decl."), ¶¶ 8-13. Plaintiff also made a copy of substantial portions of the copyrighted motion picture that the Defendant unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such file contained a motion picture whose rights under copyright law are owned by the Plaintiff. Declaration of R. Christopher Harshman ("Harshman Decl."), ¶ 4. All of this information was gathered by an on-line piracy technology specialist through specific systems and procedures that were designed to ensure that the information gathered about the Doe Defendant is accurate. Tilbury Decl. ¶ 8; see generally Carpenter Decl.

Plaintiff has identified the ISP that provided Internet access to the Defendant, and assigned the unique IP address to the Defendant, by using a publicly available database to trace the IP address for the Defendant. Carpenter Decl., ¶¶ 9-12. Here, the ISP is Massachusetts Institute of Technology ("MIT"). Id., ¶¶ 12-13. When given a Defendant's IP address and the date and time of the infringing activity, an ISP can identify the name and address of the Doe Defendant (i.e., the ISP's subscriber) because that information is contained in the ISP's subscriber activity log files. Id., ¶¶ 9, 13.

ISPs typically keep log files of subscriber activities for only limited periods of time -- sometimes for as little as weeks or even days -- before erasing the data. Tilbury Decl., ¶ 11; Carpenter Decl., ¶ 9. For this reason, as soon as Plaintiff identified the infringer, Plaintiff notified of the IP address and the date and time of the infringing activity, and asked to retain the records needed to identify the subscriber who was assigned the IP address at that date and time. See Carpenter Decl., ¶ 13.

3

However, some ISPs lease or otherwise allocate certain of their IP addresses to other unrelated, intermediary ISPs. Id., ¶ 12. Since these lessor ISPs, as a consequence, have no direct relationship – customer, contractual, or otherwise – with the end-user, they are unable to identify Doe Defendants through reference to their user logs. Id. The intermediary ISPs, though, should be able to identify Doe Defendants by reference to their own user logs and records. Id. Accordingly, Plaintiff seeks leave to serve limited, immediate discovery sufficient to determine the Doe Defendant's true identity on MIT. To the extent that MIT, in turn, identifies a different entity as the ISP providing network access and online services to the Doe Defendant, Plaintiff also seeks leave to serve, on any such later identified ISP, limited discovery sufficient to identify the Doe Defendant prior to the Rule 26(f) Conference.

Plaintiff requests permission to serve a Rule 45 subpoena on these ISPs seeking the Doe Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address (data available only to the ISP that identifies the specific computer used for the infringing activity). Plaintiff will only use this information to prosecute this action. Without this information, Plaintiff cannot pursue its lawsuit to protect its motion picture from ongoing and repeated infringement. Tilbury Decl., ¶ 9-10.

If the Court grants this Motion, Plaintiff will serve a subpoena on MIT requesting the identifying information within fifteen (15) business days. If MIT cannot itself identify the Doe Defendant but does identify an intermediary ISP as the entity providing online services and/or network access to such Defendant, Plaintiff will then serve a subpoena on that ISP requesting the identifying information for the Doe Defendant within fifteen (15) business days. In either case, these ISPs will be able to notify their subscriber that this information is being sought, and the Defendant will have the opportunity to raise any objections before this Court prior to the return date of the subpoena. Thus, to the extent that the Defendant wishes to object, he or she will be able to do so.

## III. ARGUMENT

Courts routinely allow discovery to identify "Doe" defendants. See, e.g., Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (plaintiff should have been permitted to conduct discovery to reveal identity of defendant); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) (error to deny plaintiff's motion to join John Doe defendant where identity of John Doe could have been determined through discovery); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (error to dismiss claim merely because defendant was unnamed; "Rather than dismissing the claim, the court should have ordered disclosure of Officer Doe's identity"); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants"); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980) (where "party is ignorant of defendants' true identity . . . plaintiff should have been permitted to obtain their identity through limited discovery"); Equidyne Corp. v. Does 1-21, 279 F. Supp. 2d 481, 483 (D. Del. 2003) (allowing pre-Rule 26 conference discovery from ISPs to obtain identities of users anonymously posting messages on message boards). As discussed above, many district courts have granted leave to motion picture studios and record companies to serve subpoenas on ISPs to obtain the identities of Doe Defendants prior to a Rule 26 conference in copyright infringement lawsuits similar to the instant action. See Exhibit A.

Courts consider the following factors when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe Defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); see also Rocker

5

Mgmt. LLC v. John Does, No. 03-MC-33 2003 WL 22149380, *1-2, (N.D. Cal. 2003) (applying Seescandy.com standard to identify persons who posted libelous statements on Yahoo! message board; denying request for expedited discovery where the postings in question were not libelous). Plaintiff here is able to demonstrate each one of these factors.

First, Plaintiff has sufficiently identified the Doe Defendant through the unique IP address the Doe Defendant was assigned at the time of the unauthorized distribution of the copyrighted film. See Seescandy.com, 185 F.R.D. at 578-80. See Complaint, Ex. A; Carpenter Decl., ¶¶ 7-13. The Defendant gained access to the Internet through the Defendant's ISP (under cover of an IP address) only by setting up an account with the ISP. Carpenter Decl., ¶ 11. This ISP can identify the Defendant by name through the IP address by reviewing its subscriber activity logs. Id., ¶¶ 9, 13. Thus, Plaintiff can show that the Defendant is a "real person" whose name is known to the ISP and who can be sued in federal court.

Second, Plaintiff has specifically identified the steps taken to identify Defendant's true identity. Id., ¶¶ 7-13. Plaintiff has obtained the Defendant's IP address and the date and time of the Defendant's infringing activities, has traced each IP address to a specific ISP, and has made a copy of a sample of the motion pictures the Defendant unlawfully distributed or made available for distribution. See Complaint, Ex. A; Carpenter Decl., ¶¶ 7-13. Therefore, Plaintiff has obtained all the information it possibly can about the Defendant without discovery from the ISP.

Third, Plaintiff has asserted a *prima facie* claim for direct copyright infringement in its Complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that: (a) it owns and has registered the copyright in the work at issue and/or owns the relevant exclusive distribution rights, and (b) the Doe Defendant copied or distributed the copyrighted work without Plaintiff's authorization. See Complaint. These allegations state a claim for copyright infringement. See 17 U.S.C. § 106(1)(3); In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (U.S. Jan. 12, 2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music,

6

infringes copyright."); A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014-15 (9th Cir. 2001) ("Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights. Napster users who download files containing copyrighted music violate plaintiffs' reproduction rights.").

Courts have also allowed expedited discovery when "good cause" is shown. See Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Entertainment Tech. Corp. v. Walt Disney Imagineering, No. Civ. A. 03-3546, 2003 WL 22519440, at *4 (E.D. Pa. 2003) (applying a reasonableness standard; "a district court should decide a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances") (quotations omitted); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (applying a good cause standard).

Good cause exists here because ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. Tilbury Decl., ¶ 11; Carpenter Decl., ¶ 9. If that information is erased, Plaintiff will have no ability to identify the Defendant, and thus will be unable to pursue its lawsuit to protect its copyrighted work. Tilbury Decl., ¶¶ 10, 11; Carpenter Decl., ¶¶ 9, 11. Where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for discovery before the Rule 26 conference exists. Qwest Comm., 213 F.R.D. at 419; see also Pod-Ners, LLC v. Northern Feed & Bean of Lucerne LLC, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing discovery prior to Rule 26 conference to inspect items in defendant's possession because items might no longer be available for inspection if discovery proceeded in the normal course).

Good cause exists here for the additional reason that a claim for copyright infringement presumes irreparable harm to the copyright owner. See 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 14.06[A], at 14-03 (2003); Elvis Presley Enter., Inc. v. Passport Video,

7

349 F.3d 622, 631 (9th Cir. 2003). The first and necessary step that Plaintiff must take to stop the infringement of its valuable copyrights is to identify the Doe Defendant who is copying and distributing its motion picture. This lawsuit cannot proceed without the limited discovery Plaintiff seeks because the ISP is the only entity that can identify the otherwise anonymous Defendant. Courts regularly permit early discovery where such discovery will "substantially contribute to moving th[e] case forward." Semitool, 208 F.R.D. at 277.

Finally, Defendant has no legitimate expectation of privacy in the subscriber information they provided to much less in downloading and distributing a copyrighted motion picture without permission. In re Verizon Internet Services, Inc., 257 F.Supp.2d 244, 267 (D.D.C. 2003), cert. denied, Recording Indus. Ass'n of America, Inc. v. Verizon Internet Services, Inc., 351 F.3d 1229 (D.C. Cir. 2003) ("if an individual subscriber opens his computer to permit others, through peer-to-peer filesharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entertainment, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); U.S. v. Hambrick, 55 F.Supp.2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000). This is because a person can have no legitimate expectation of privacy in information he or she voluntarily communicates to third parties. See, e.g., Smith v. Maryland, 442 U.S. 735, 743-44 (1979); U.S. v. Miller, 425 U.S. 435, 442-43 (1976); Couch v. U.S., 409 U.S. 322, 335-36 (1973); Leis, 255 F.3d at 335; U.S. v. Kennedy, 81 F.Supp.2d 1103, 1110 (D. Kan. 2000); Hambrick, 55 F.Supp.2d at 508.

Although Defendant copied and distributed a motion picture without authorization using a fictitious user name, the Defendant's conduct was not thus anonymous. Using publicly available technology, the unique IP address assigned to the Defendant at the time of infringement

8

can be readily identified. Carpenter Decl. ¶¶ 7-10. When the Defendant entered into a service agreement with or any other ISP, the Defendant knowingly and voluntarily disclosed personal identification information to it. As set forth above, this identification information is linked to the Defendant's IP address at the time of infringement, and recorded in the ISP's subscriber activity logs. Since Defendant can, as a consequence, have no legitimate expectation of privacy in this information, this Court should grant Plaintiff leave to seek expedited discovery of it. Absent such leave, Plaintiff will be unable to protect its copyrighted motion picture from continued infringement.

Where federal privacy statutes authorize disclosure pursuant to a court order, courts have held that a plaintiff must make no more than a showing of relevance under the traditional standards of Rule 26. See Laxalt v. McClatchy, 809 F.2d 885, 888 (D.C. Cir 1987) (court found "no basis for inferring that the statute replaces the usual discovery standards of the FRCP . . . with a different and higher standard"); accord Lynn v. Radford, No. 99-71007, 2001 WL 514360, at *3 (E.D. Mich. 2001); Gary v. United States, No. 3:97-CV-658, 1998 WL 834853, at *4 (E.D. Tenn.); see also In re Gren, 633 F.2d 825, 828 n.3 (9th Cir. 1980) ("court order" provision of Fair Credit Reporting Act requires only "good faith showing that the consumer records sought are relevant") (internal quotation omitted). Plaintiff plainly has met that standard, as the identity of the Defendant is essential to Plaintiff's continued prosecution of this action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the Court should grant the Motion for Leave to Take Discovery Prior to Rule 26(f) Conference and enter an Order substantially in the form of the attached proposed Order.

Respectfully submitted,

Dated: *August 1, 2005*

*/s/ Matthew N Kane*
James B. Conroy (BBO # 96315)
Matthew N. Kane (BBO # 636801)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
Tel. (617) 720-2880
Fax (617) 720-3554

*Attorneys for Plaintiffs*